# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WESTPAC RESTORATION, INC. | ) | Case No. 17-18211 |
| EIN: 26-22112439, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## COVERSHEET FOR
## CHAPTER 11 ADMINISTRATIVE EXPENSE APPLICATION
## OF BALLARD SPAHR LLP

Name of Applicant: Ballard Spahr LLP, formerly known as Lindquist & Vennum LLP

Authorized to Provide Professional Services to: Westpac Restoration, Inc.

Date of Order Authorizing Employment: September 28, 2017, effective *nunc pro tunc* to September 1, 2017

Period for Which Compensation is Sought: February 2, 2018, through April 3, 2018

Amount of Fees Sought: $7,238.00
Amount of Costs Sought: $168.40
Balance of Previously Approved Fees: $625.64

This is a: Chapter 11 Administrative Expense Application

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | (Fees & Expenses) | Total Requested | Total Allowed |
|---|---|---|---|---|
| 2/1/18 | 9/1/17 - 2/1/18 | $24,852.20 & 2,093.39 | $26,945.59 | $26,945.59 |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $26,319.95.

Dated this 1st day of May, 2018.
                **BALLARD SPAHR LLP**

By: */s/ Ethan J. Birnberg*
Ethan J. Birnberg, #43343
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.454.0528
Fax 303.573.1956
birnberge@ballardspahr.com

*Counsel for Debtor*

DMNORTH #6472650 v1

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| WESTPAC RESTORATION, INC. | ) | Case No. 17-18211 |
| EIN: 26-22112439, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## CHAPTER 11 ADMINISTRATIVE EXPENSE APPLICATION
## OF BALLARD SPAHR LLP

Ballard Spahr LLP, formerly known as Lindquist & Vennum LLP ("Ballard" or "Applicant"), as counsel for Westpac Restoration, Inc. (the "Debtor"), submits its Chapter 11 Administrative Expense Application (this "Application"), and requests approval of an administrative expense claim for $8,032.04.

### BACKGROUND

1.     The Debtor filed its voluntary petition on September 1, 2017 (the "Petition Date"). *See* Dkt. #1.

2.     On September 28, 2017, the Court authorized the employment of Lindquist & Vennum LLP as counsel for the Debtor, *nunc pro tunc* to the Petition Date. *See* Dkt. #20.

3.     Effective January 1, 2018, Lindquist & Vennum LLP combined with Ballard Spahr LLP, with Ballard Spahr LLP continuing as the combined firm. On April 26, 2018, the Court granted and approved the uninterrupted, continued employment for Applicant through its supplemental employment application. *See* Dkt. #88.

4.     On February 1, 2018, Ballard filed its fee application (the "First Fee Application"), seeking allowance of $24,852.20 in fees and $2,093.39 in expenses, for a total of $26,945.59 for the period of September 1, 2017, through February 1, 2018. *See* Dkt. #54. The

Court entered an order granting the First Fee Application on February 26, 2018 (the "First Fee Order"). *See* Dkt. #65.

5.     On March 2, 2018, Debtor filed its Motion to Convert Case from Chapter 11 to Chapter 7 Pursuant to 11 U.S.C. § 1112(a). *See* Dkt. #71. The Court entered an order converting this case on April 3, 2018 (the "Conversion Order"). *See* Dkt. #78.

6.     Ballard has received $26,319.95 from the Debtor towards its approved fees and expenses of $26,945.59, leaving a balance of $625.64 in fees and expensed already approved by the Court through the First Fee Order.

7.     Additionally, Ballard's professionals billed a total of $7,406.40 in fees and expenses following the First Fee Application (February 2, 2018) through the date of the Conversion Order (April 3, 2018) (the "Administrative Expense Application Period").

8.     Accordingly, Ballard requests this Court approve its chapter 11 administrative expense claim for $8,032.04. Although $625.64 has already been approved by the Court, for consistency and ease of reference for the chapter 7 trustee, Ballard has added this approved but unpaid amount to this Application.

9.     During the Administrative Expense Application Period, the attorneys and paralegals of Applicant identified in **Exhibit A** performed legal services on behalf of the Debtor at the rates noted. **Exhibit A** notes each timekeeper's hourly rate as applied during the pendency of this bankruptcy case.

10.     Attached to this Application as **Exhibit B** is a summary of the work performed by Applicant for the Debtor during the Administrative Expense Application Period, along with the fees incurred and the hours expended by each timekeeper.

DMNORTH #6460862 v3

11.     Attached to this Application as **Exhibit C** are the daily time entries of Applicant's timekeepers for Administrative Expense Application Period. There are two separate invoices: $6,565.30 and $841.10 (*see* Ex. C, at p. 10), for a total $7,406.40. Additional time entries related to the previously approved but unpaid fees and expenses ($625.64) are not re-attched to this Application as they were not incurred during the Administrative Expense Application Period. Time entries in Exhibit C contain further detail, listing the dates services were rendered, describing in narrative form the legal service provided by task, stating the discrete time spent performing such services, and identifying the individual performing the service. A discrete breakdown of each timekeeper's hours and the billable rates for those hours is summarized in **Exhibit C**.

12.     During this Administrative Expense Application Period, Applicant's timekeepers billed 18.8 hours, incurring corresponding fees of $7,238.00.

13.     Attached to this Application as **Exhibit D** is a categorical breakdown of expenses for the time period covered by this Application, which total $168.40. Also included in **Exhibit D** is a Cost Summary detailing each individual expense. Expense invoices and backup documentation for amounts over $25.00 have been retained by L&V and are available for review upon request by the Court of any interested party.

## APPLICABLE STANDARDS

14.     Section 503(b) of the Bankruptcy Code contemplates allowance of administrative expenses for compensation and reimbursement awarded under 11 U.S.C. § 330(a). *See* 11 U.S.C. § 503(b)(2). Because Ballard's administrative expense claim relates to only compensation and reimbursement during the chapter 11 period, this Application is governed by 11 U.S.C. § 330 standards.

15.     Section 330 of the Bankruptcy Code contemplates an award of "reasonable compensation for actual, necessary services rendered [and] reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). Assessing "reasonable compensation" in any case requires the Court to gauge "the nature, the extent, and the value" of the services rendered, mindful of the statutory factors, which include: (a) the time spent on the services; (b) the rates charged; (c) whether the services were necessary to the administration of the case or beneficial at the time the services were rendered toward the completion of the case; (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (e) whether the professionals are board certified or otherwise skilled and experienced in the bankruptcy field; and (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. *See* 11 U.S.C. § 330(a)(3).

16.     In addition to the statutory standards for assessing a reasonable fee, the Court may consider twelve factors in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Tenth Circuit Court of Appeals "has long applied the *Johnson* lodestar factors to assess 'reasonableness' of attorney's fees in a variety of contexts and has also specifically determined that the test applies to attorney fee determinations under § 330(a)(1)" of the Bankruptcy Code. *Connolly v. Harris Trust Co. (In re Miniscribe Corp.)*, 309 F.3d 1234, 1244 (10th Cir. 2002); *see In re Permian Anchor Servs., Inc.,* 649 F.2d 763, 768 (10th Cir. 1981); *accord In re Recycling Indus., Inc.*, 243 B.R. 396, 400 n.2 (Bankr. D. Colo. 2000) (noting that "[t]he 1994 amendments to the Bankruptcy Code incorporated and clarified many of the judicial standards and practices, including the *Johnson* factors regarding the allowance of professional

fees"). The factors from developed case law that bear on reasonable compensation, including the *Johnson* factors, continue to apply under the most recent amendments to the Bankruptcy Code. *See, e.g., In re McNally*, No. 06-10073, 2006 WL 2348687 (Bankr. D. Colo. Aug. 10, 2006) (unpublished) (applying *Johnson* factors in considering Chapter 13 fee applications under Bankruptcy Abuse Prevention and Consumer Protection Act of 2005).

17.     "The so-called '*Johnson*' factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Recycling Indus.*, 243 B.R. at 400 n.2.

18.     During the Adminsirative Application Period, Applicant assisted Debtor with a discovery dispute initiated by a creditor. Applicant attempted to resolve the issue without need for a hearing, and reviewed and analyzed bankruptcy rules and case law authority, prior to drafting a response letter to the creditor's counsel. The creditor did not believe Debtor's response was sufficient and requested a discovery dispute hearing. Applicant assisted the Debtor to prepare and appear at the discovery dispute hearing. After the hearing, pursuant to the Court's order, Applicant assisted Debtor with its supplemental production of information to the creditor. Applicant also assisted the Debtor through several issues to comply with the U.S. Bankruptcy Code, United States Trustee's rules and regulations, and all other obligations required of a

chapter 11 debtor-in-possession. With applicant's assistance, Debtor has thoroughly and timely complied with reporting requirements and payment of quarterly U.S. Trustee fees.

19.     Finally, Applicant assisted the Debtor in determining that a confirmed plan of reorgnaizaiton was not the most efficient path to resolution of this case due to pending disputes. Instead of proceeding towards a contested confirmation process, the Debtor determined that conversion of this case to chapter 7 was in the best interests of the estate and its creditors. Applicant thereafter assisted the Debtor to prepare and move to convert this case, and assisted the Debtor in preparing information and the turnover of estate assets to the chapter 7 trustee. The Court converted this case on April 3, 2018.

20.     Applicant's services were primarily performed by Ethan J. Birnberg, who is a certified business bankruptcy specialist by the American Board of Certification. His hourly fee is customary in this district given his experienced and specialized work provided to the Debtor. The services described briefly above, with the detailed descriptions in Exhibit B and C, demonstrate that Applicant's services were reasonable, necessary, and beneficial to the Debtor's estate. Its requested fees are appropriate and should be approved under 11 U.S.C. §§ 330 and 503(b).

21.     Applicant has and will continue to represent the Debtor during the ordinary course of the chapter 7 conversion, professionally and responsibly assist a chapter 7 trustee, and will not seek compensation from the Debtor for these services. Indeed, Applicant and the Debtor have communicated with the chapter 7 trustee on several occasions, closed all chapter 11 DIP accounts and transferred funds to the chapter 7 trustee's office, and have provided access for the trustee to inspect or collect any estate property. Applicant has also assisted the Debtor in timely filing its statement of unpaid debts and will soon file its final chapter 11 report.

6

WHEREFORE, Ballard Spahr LLP respectfully requests entry of an order granting this

Application and approving a chapter 11 administrative expense claim for $8,032.04.

Dated this 1st day of May, 2018.                **BALLARD SPAHR LLP**

By: */s/ Ethan J. Birnberg*
Ethan J. Birnberg, #43343
1225 17th Street, Suite 2300
Denver, CO 80202-5596
Direct 303.454.0534
Fax 303.573.1956
birnberge@ballardspahr.com

*Counsel for the Debtor*

7

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on May 1, 2018, true and correct copies of the foregoing **CHAPTER 11 ADMINISTRATIVE EXPENSE APPLICATION OF BALLARD SPAHR LLP**, along with the coversheet, exhibits, notice, and proposed order, were deposited in the U.S. Mail, first class postage prepaid, addressed to all parties on the attached list.

*/s/ Brandon L. Blessing*

Label Matrix for local noticing
1082-1
Case 17-18211-EEB
District of Colorado
Denver
Tue May  1 10:30:33 MDT 2018

ATT Mobility
PO Box 6463
Carol Stream, IL 60197-6463

Aircraft Spruce & Specialty Co.
225 Airport Circle PO Box 4000
Corona, CA 92878-4000

Alan J. Wojciak
15033 Snowy Pine Pt
Colorado Springs, CO 80908-1594

Anderson Aeromotive, Inc.
824 N D St, PO Box 49
Grangeville, ID 83530-0049

Bearing & Drive Systems, Inc.
14888 Foltz Pkwy
Strongsville, OH 44149-4725

Ethan Birnberg
Ballard Spahr LLP
1225 17th Street
 Suite 2300
Denver, CO 80202-5535

Bonaco, Inc.
1846 W 11th St Unit 1
Upland, CA 91786-3595

Chad S. Caby
1200 17th St.
Suite 3000
Denver, CO 80202-5855

Card Member Services
PO Box 790408
Saint Louis, MO 63179-0408

Centralized Insolvency Office
PO Box 7346
Philadelphia, PA 19101-7346

Centurylink
PO Box 91155
Seattle, WA 98111-9255

Robertson B. Cohen
1720 S. Bellaire St.
Ste. 205
Denver, CO 80222-4327

Colorado Buys Local
3647 County Road 5
Divide, CO 80814-9104

Colorado Department Of Revenue
1375 Sherman St.
Room 504
Attention Bankruptcy Unit
Denver CO 80261-3000

Colorado Dept. of Revenue
1375 Sherman St
Denver, CO 80261-3000

Colorado Springs Utilities
PO Box 340
Colorado Springs, CO 80901-0340

Consolidated Electrical Distributors Inc
127 W Moreno Ave
Colorado Springs, CO 80903-3921

El Paso County Treasurer
PO Box 2018
Colorado Springs, CO 80901-2018

El Paso Treasurer
1675 Garden of the Gods Rd
Colorado Springs, CO 80907-9444

Alison Goldenberg
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294-6004

Google Inc.
1600 Amphitheatre Pkwy
Mountain View, CA 94043-1351

Home Depot Credit Services
Dept 32 - 2010492928
PO Box 9001030
Louisville, KY 40290-1030

IRS
PO Box 7346
Philadelphia PA 19101-7346

Internal Revenue Service
Bonnie Harmel
1999 Broadway MSC 5012
Denver, CO 80202-5717

Kaiser Permanente
PO Box 711697
Denver, CO 80271-1697

MSC Industrial Supply
75 Maxess road
Melville, NY 11747-3151

National Museum of World War II Aviaiton
755 Aviation Way
Colorado Springs, CO 80916-2740

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Pinnacol Assurance
PO Box 561434
Denver, CO 80256-1434

Securities and Exchange Commission
Central Regional Office
1961 Stout St.
Ste. 1700
Denver CO 80294-1700

Securities and Exchange Commission
Midwest Regional Office
175 W. Jackson Blvd.
Ste. 900
Chicago IL 60604-2815

Sirius XM Radio Inc.
1221 Avenue of the Americas
New York, NY 10020-1010

Temperature Processing
10477 Weld County Road 7
Longmont, CO 80504-5442

UPS
PO Box 577
Carol Stream, IL 60132-0577

US Trustee
Byron G. Rogers Federal Building
1961 Stout St.
Ste. 12-200
Denver, CO 80294-6004

Verizon Wireless
PO Box 660108
Dallas, TX 75266-0108

Vintage Radials Inc.
1582 Goodrick Dr # 8A
Tehachapi, CA 93561-1672

Vulcan Warbirds Inc.
505 5th Ave S Ste 900
Seattle, WA 98104-3821

Waste Management of Colorado Springs
PO Box 78251
Phoenix, AZ 85062-8251

WestPac Restorations Inc. 401K/Profit Sh
765 Aviation Way
Colorado Springs, CO 80916-2740

Westpac Restoration, Inc.
765 Aviation Way
Colorado Springs, CO 80916-2740

William R. Klaers
11610 Round Table Ct
Colorado Springs, CO 80908-4605

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Office Depot
PO Box 78004
Phoenix, AZ 85062-8004

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ballard Spahr LLP, formerly known as Lindq

(d)Chad S. Caby
1200 17th St Ste 3000
Denver, CO 80202-5855

(u)Lindquist & Vennum LLP

(u)Lindquist & Vennum LLP, now known as Balla

(u)Vulcan Warbirds Inc.

End of Label Matrix
Mailable recipients    42
Bypassed recipients     5
Total                  47